F I L E D
**United States Court of Appeals**
**Tenth Circuit**

**August 17, 2005**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

BEN EZRA LYONS,

     Petitioner-Appellant,

v.

MARTY SIRMONS, Warden, Dick
Conner Correctional Center;
ATTORNEY GENERAL OF THE
STATE OF OKLAHOMA,

     Respondents-Appellees.

No. 04-6369
(W.D. Oklahoma)
(D.Ct. No. CV-04-632-C)

---

**ORDER DENYING CERTIFICATE OF APPEALABILITY**
**AND DISMISSING APPEAL**

---

Before **KELLY**, **O'BRIEN**, and **TYMKOVICH**, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Ben Ezra Lyons, proceeding *pro se,* moves for a Certificate of Appealability ("COA") pursuant to 28 U.S.C. § 2253(c) in order to challenge the

district court's denial of his 28 U.S.C. § 2254 petition for habeas relief.[1]

On June 30, 2003, Lyons pled guilty to robbery with a dangerous weapon and was sentenced to fifteen years imprisonment. He did not appeal his conviction. Instead, in a motion for post-conviction relief filed in Oklahoma district court, he alleged his attorney failed to advise him he had a meritorious appeal based on an allegedly disparate sentence from that imposed on his co-defendant.[2] His petition claiming ineffective assistance of counsel was denied on March 31, 2004. The Oklahoma Criminal Court of Appeals affirmed the denial of his petition for post-conviction relief on May 10, 2004.

Lyons filed a Petition for a Writ of Habeas Corpus in the District Court for the Western District of Oklahoma on May 20, 2004. In his federal § 2254 petition, Lyons raises the same allegations contained in his petition for post-conviction relief. The matter was referred to a magistrate judge who issued a thorough report and a recommendation to deny Lyons' petition. The magistrate reasoned, *inter alia*, that Lyons received the precise period of imprisonment negotiated in exchange for his guilty plea. He also noted the government

---

[1] This appeal was partially remanded to the district court for a ruling on Lyons' timely motion for an extension of time in which to file his notice of appeal under Fed. R. App. 4(a)(5). In an order dated December 16, 2004, the district court granted Lyons' motion for an extension of time.

[2] Lyons' co-defendant was sentenced to twelve years imprisonment with seven years suspended sentence.

dismissed a second count for being a felon in possession of a firearm; a crime which carried a range of one to ten years imprisonment. His co-defendant was not charged with a second violation. Therefore, Lyons failed to show either his counsel's performance was deficient or a reasonable probability that, even had he appealed, a different outcome would have resulted. *Strickland v. Washington,* 466 U.S. 668, 688 (1984). The district court adopted the magistrate's report and recommendation in its entirety and denied Lyons' petition on September 17, 2004.

Lyons then requested a certificate of appealability (COA) pursuant to 28 U.S.C. § 2253(c)(requiring a state petitioner to acquire a COA as a condition to appeal) and permission to proceed *in forma pauperis* (*ifp*) pursuant to 28 U.S.C. § 1915(b). The district court denied both requests. We now consider his renewed request for a COA and to proceed *ifp*.

"A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "Where a district court has rejected the constitutional claims on the merits," the prisoner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). We recognize that in determining whether to issue a COA, a "full consideration of the factual or legal bases adduced in support of the claims" is not required. *Miller-El v. Cockrell,* 537 U.S.

-3-

322, 336 (2003). Instead, the decision must be based on "an overview of the claims in the habeas petition and a general assessment of their merits." *Id.*

We conclude that Lyons' ineffective assistance of counsel claim must fail for the same reasons set forth by the magistrate judge and adopted by the district court. No reasonable jurist would debate whether his § 2254 petition should have been granted. With regard to Lyons' request to proceed *ifp*, we conclude the district court correctly determined that Lyons failed to show the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues he raises on appeal. Accordingly, we **DENY** his petition for a COA and his motion for leave to file *in forma pauperis* and **DISMISS** his appeal. Lyons shall remit the full amount of the filing fee within twenty (20) days of this order.

**Entered by the Court:**

**Terrence L. O'Brien**
United States Circuit Judge